IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Hickman, #16288-171, ) | C/A No. 4:13-337-MGL-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| Warden FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Robert Hickman ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at FCI Williamsburg, a facility of the Federal Bureau of Prisons. Petitioner seeks to vacate the sentence imposed in this court by the Honorable United States District Judge Terry L. Wooten on January 22, 2009.

*Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed

---

1) Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## Background

This Court takes judicial notice that in 2008 Petitioner pleaded guilty to one count of possession of ammunition by a convicted felon, and on January 22, 2009, this Court sentenced him to a 185-month term of imprisonment to be followed by a five-year period of supervised release.[2] *See* Order, *Robert Hickman v. United States*, Cr. No. 4:08-507 (D.S.C. Nov. 12, 2010), ECF No. 72. Petitioner filed a direct appeal alleging that his prior convictions for burglary third and failure to stop for a blue light do not constitute predicate offenses for purposes of the Armed Career Criminal Act ("ACCA"), and the Fourth Circuit Court of Appeals ruled that the burglary third conviction

---

2) *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

remained a predicate offense and affirmed the judgment on December 28, 2009. *Id.* at 4. Because the Fourth Circuit ruled that Petitioner had three violent felonies or serious drug offenses counting the burglary third conviction, it did not address the failure to stop for blue light argument. *Id.* On August 3, 2010, Petitioner filed a habeas action pursuant to 28 U.S.C. § 2255 in this Court raising one ground for relief—his sentence was unconstitutionally enhanced as an armed career offender pursuant to the Supreme Court decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), "and the Fourth Circuits *Rivers* decision." *Id.* This Court ruled that because Petitioner had three prior convictions (not counting the failure to stop for a blue light conviction) which qualified as predicate offenses for Armed Career Criminal purposes, and because the Fourth Circuit had concluded there was no sentencing error, it correctly sentenced Petitioner. *Id.* This Court noted that if there had been an intervening change in the law a petitioner may bring a collateral attack on the basis of issues litigated on direct appeal, but it found that the *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), decision did not change the outcome of Petitioner's case. *Id.* Thus, on November 12, 2010, it granted the United States' motion for summary judgment, denied the § 2255 Petition, and dismissed the action with prejudice. *Id.* Petitioner filed an appeal from the § 2255 decision, and the Fourth Circuit Court of Appeals dismissed the appeal on March 21, 2011. *See* Opinion, *United States v. Robert Hickman*, Cr. No. 4:08-507 (4th Cir. March 21, 2011), ECF No. 82.

In this § 2241 Petition, Petitioner alleges he is actually innocent of being an armed career criminal and his sentence is unconstitutional. Pet. 4–5, ECF No. 1; ECF No. 1–1 at 6. Specifically, he alleges the following grounds for relief: based on certain new case law, he is actually innocent of being an armed career criminal; he was convicted of a nonexistent offense which exceeds his statutory guideline minimum; he is actually innocent of being an armed career criminal and should

3

not be forced to serve an unconstitutional sentence; and, it is cruel and unusual punishment that he is serving an armed career criminal sentence when he is not one. Pet. 6–7, ECF No. 1. He alleges the savings clause permits him to bring this § 2241 action because there has been new intervening changes in Supreme Court precedent. ECF No. 1–1 at 3. He seems to allege that his prior state felony conviction under South Carolina law (non-violent third degree burglary) is statutorily classified as a non-violent offense such that it cannot be a qualifying predicate offense under the ACCA. ECF No. 1–1 at 4. Petitioner appears to rely on the following cases: *Johnson v. United States*, 559 U.S. 133 (March 2, 2010); *Chambers v. United States*, 555 U.S. 122 (Jan. 13, 2009); *Begay v. United States*, 553 U.S. 137 (April 16, 2008); *United States v. Simmons*, 472 F. App'x 216 (4th Cir. Mar. 29, 2012); and *Gilbert v. United States*, 625 F.3d 716 (11th Cir. Nov. 3, 2010).

## Discussion

The threshold question is whether Petitioner's claims are properly raised in this Court pursuant to 28 U.S.C. § 2241. Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 (D.S.C. April 7, 2009) (citation omitted). Petitioner is attacking the validity of his 185-month sentence entered pursuant to the ACCA, and this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802 (4th Cir. 2010). Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Id.* The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify

the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.*  In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, *2 (D.S.C. Sept. 18, 2006).

In this case, Petitioner argues that the savings clause permits him to bring his claims within the § 2241 Petition before this Court. However, this Court disagrees. Petitioner has not plausibly alleged that the substantive law changed such that the conduct of which Petitioner was convicted is deemed not to be criminal. Every case, save one, of the alleged new substantive intervening case law relied on by Petitioner was decided prior to this Court's November 12, 2010, denial of the § 2255 Petition and the March 21, 2011, dismissal of the § 2255 appeal. The only case cited by Petitioner which was decided after his § 2255 case ended is *United States v. Simmons*, 472 F. App'x 216 (4th Cir. Mar. 29, 2012). In this direct appeal, *Simmons* alleged his sentence was unreasonable, and the Fourth Circuit Court of Appeals affirmed the district court's decision to give an upward variance upon its conclusion that *Simmons* was a career recidivist despite the fact he was not

technically a career offender under the Guidelines. *Id.* at 218. In *Simmons*' previous direct appeal, the Fourth Circuit Court of Appeals had vacated the sentence because the prior South Carolina convictions for violation of a blue light statute could not be considered predicate offenses under the career offender guideline provision of the U.S. Sentencing Guidelines. *See United States v. Simmons*, 417 F. App'x 271, 273 (4th Cir. 2011). The *Simmons* decisions do not help Petitioner because they do not appear to change the law in his favor, and this Court already ruled that he had three prior convictions (not counting the failure to stop for a blue light conviction) which subjected him to the fifteen-year mandatory minimum under the ACCA. *See* Order, *Robert Hickman v. United States*, Cr. No. 4:08-507 (D.S.C. Nov. 12, 2010), ECF No. 72. Further, the other cases relied on by Petitioner do not support his allegation of a pertinent change in the law in his favor which occurred after his § 2255 case ended. Thus, the *In re Jones* savings clause test does not seem applicable to Petitioner's case. Moreover, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, *3 (D.S.C. April 7, 2009); *see also United States v. Poole*, 531 F.3d 263, 267, n.7 (4th Cir. 2008).

Recommendation

Accordingly, it is recommended that the District Court dismiss the petition in the above-captioned case *without prejudice*. **Petitioner's attention is directed to the important notice on the next page.**

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

June 17, 2013<br>
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).