# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Hickman, ) | Civil Action No.: 4:13-337-MGL-TER |
| Petitioner, ) | |
| v. ) | **ORDER** |
| Warden FCI Williamsburg, ) | |
| Respondent. ) | |

Petitioner Robert Hickman ("Petitioner"), proceeding pro se, filed this action as a habeas corpus petition pursuant to 28 U.S.C. § 2241 on February 7, 2013. (Doc. # 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial handling and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report on June 17, 2013, recommending that the Court dismiss Petitioner's § 2241 petition *without prejudice* pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). (Doc. # 17). In the Report, the Magistrate Judge concludes that Petitioner has failed to demonstrate that he is entitled to bring this action under § 2241 by showing that a § 2255 petition would be inadequate and ineffective to test the legality of his detention. Id. Specifically, the Magistrate Judge concludes that Petitioner has failed to make the required showing under the second prong of the three prong test applied by the Fourth Circuit in In re Jones, 226 F.3d 328 (4th Cir. 2000), by showing that subsequent to his direct appeal and first § 2255 petition there was a change in the substantive law that rendered the conduct for which he was convicted no longer criminal. Id. The Petitioner filed an Objection on June 27, 2013, in which he supplements the authorities cited in his earlier filings with the recent United States Supreme Court

case of Descamps v. United States, 133 S.Ct. 2276 (2013). In his Objection, Petitioner attempts to rely on Descamps to show an intervening change in the law that entitles him to relief under § 2241. (Doc. #21).

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the Objection. After careful review of the Report and Objection thereto, the Court hereby **ACCEPTS** the Report. (Doc. #17). In the Report, the Magistrate Judge correctly concludes that Petitioner has failed to plausibly allege an intervening change in the substantive law that has rendered the conduct for which he was convicted (here, conduct resulting in a South Carolina burglary third conviction) no longer criminal. Nor has Petitioner plausibly made such a showing through his reliance in his Objection on Descamps v. United States, 133 S.Ct. 2276 (2013). Descamps, which held that a criminal defendant's prior California burglary conviction was not for a "violent felony" within the meaning of the Armed Career Criminal Act (ACCA), might one day be used as the basis for a similar holding that South Carolina burglary offenses, such as the one for which Petitioner was convicted, are "non-violent" and therefore cannot be used for federal sentence

enhancement purposes. However, Descamps does not forecast, much less amount to, an intervening change in the substantive law that would decriminalize the actual conduct that resulted in Petitioner's burglary conviction. Petitioner's § 2241 petition is therefore properly **DISMISSED** *without prejudice*.

### CERTIFICATE OF APPEALABILITY

The law governing certificates of APPEAL ABILITY provides that:

© (2) A certificate of APPEAL ABILITY may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

© (3) The certificate of APPEAL ABILITY . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED**.

                                                       s/Mary G. Lewis
                                                 United States District Judge

November 26, 2013
Spartanburg, South Carolina